Per Curiam.

Defendant failed to show that he had any interest in the premises searched so as to establish his standing as one aggrieved thereby. Moreover, the police officer, in the performance of his duties, had a right to enter the public hallway of the multiple dwelling here involved as of right. (Cf. Beedenbender v. Midtown Props., 4 A D 2d 276). Common passageways, not under the domain of any particular occupant, such as the one here, do not come within the protection of the Fourth Amendment. Accordingly, the evidence obtained by the police officer while legally on the premises without a search warrant is admissible and the motion to suppress should not have been granted (Burks v. United States, 287 F. 2d 117, cert. den. 369 U. S. 841; United States v. Buchner, 164 F Supp. 836, affid. 268 F. 2d 891, cert. den. 359 U. S. 908; People v. Capone, 35 Misc 2d 1071).
The order should be unanimously reversed on the law and facts and motion to suppress evidence denied.
Margett, Brenner and Olliffe, JJ., concur.
Order reversed, etc.